UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>        v.<br><br>LINDA EXPOSE,<br><br>            Defendant. | No.  1:18-cr-00044-DAD-BAM<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. No. 92) |

On August 3, 2022, defendant Linda Expose filed the pending *pro se* motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  (Doc. No. 92.)  On February 2, 2024, the government filed an opposition to that motion.[1]  (Doc. No. 102.)  Defendant did not file a reply.

**BACKGROUND**

In a superseding indictment filed on November 1, 2018, defendant Expose was indicted on charges of mail fraud, misuse of a social security number, making false statements to the Social

---

[1]  Shortly after defendant filed her § 2255 motion, the undersigned transferred to the Sacramento Courthouse of this district, and this case was reassigned to a district judge in Fresno.  (Doc. No. 98.)  A little over a year later, the case was reassigned to the "NODJ" caseload while the court awaited the confirmation of a new district judge to fill the vacancy in the Fresno courthouse. (Doc. No. 99.)  In January 2024, the status of the pending motion and the lack of a response on file from the government came to the undersigned's attention, prompting the court to direct the government to file a response to the pending motion.  (Doc. No. 100.)  This case was ultimately reassigned to the undersigned on April 15, 2024 to facilitate resolution of the pending motion.

1   Security Administration, and aggravated identity theft.  (Doc. No. 16.)  On the day that the trial in

2   this case was set to begin, January 22, 2020, defendant entered a plea of guilty to count four of

3   the superseding indictment (aggravated identity theft) pursuant to a written plea agreement.  (Doc.

4   Nos. 38, 39.)  On August 9, 2021, defendant was sentenced to the statutory minimum mandatory

5   sentence of 24 months imprisonment, to be followed by a 12-month term of supervised release

6   upon release from imprisonment.[2]  (Doc. Nos. 59, 60.)

7       Defendant timely filed a notice of appeal of her judgment and commitment.  (Doc. No.

8   61.)  However, defendant's appointed appellate counsel subsequently filed on the docket in

9   defendant's appeal to the Ninth Circuit a brief representing that defendant's appeal did not

10  present any non-frivolous issues, and for that reason, counsel also filed a separate motion to

11  withdraw as defendant's counsel of record in her appeal.  (Doc. No. 102 at 22–23.)  The Ninth

12  Circuit reviewed the record on appeal and offered defendant an opportunity to file a *pro se* brief

13  in response, but she did not file any response, which led the Ninth Circuit to dismiss her appeal.

14  (*Id.* at 40–41.)

15                          **LEGAL STANDARD**

16      Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate,

17  set aside, or correct the sentence if he claims the right to be released upon any of the following

18  four grounds:  (1) that the sentence was imposed in violation of the Constitution or laws of the

19  United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the

20  sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise

21  subject to collateral attack.  28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333,

22  344–45 (1974); *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).

23      To warrant the granting of relief on a § 2255 motion, the petitioner must demonstrate the

24  existence of an error of constitutional magnitude which had a substantial and injurious effect or

25  influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637

26  _____

27  [2]  According to the Federal Bureau of Prisons ("BOP") website's inmate locater, defendant
    Expose was released from imprisonment on November 3, 2023.  Defendant's pending motion is
    not rendered moot by her release, however, because defendant is still currently serving her term

28  of supervised release.

                            2

(1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").  Such relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

"[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted); *see also United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).  To warrant a hearing, therefore, the petitioner must make specific factual allegations which, if established to be true, would entitle him to relief.  *Withers*, 638 F.3d at 1062; *McMullen*, 98 F.3d at 1159.  Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to hold a hearing.  *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

In her pending § 2255 motion, defendant requests that the court vacate her conviction and guilty plea based on a handful of generalized claims asserted in conclusory fashion.  Defendant asserts that she was "coerced into a plea," she had "ineffective counsel," and she "was not aware of the consequences of the plea."  (Doc. No. 92 at 4.)  Defendant also asserts that "there was no investigation done by [her] attorney," her attorney purportedly represented to her that she would receive a sentence of home confinement due to her illness, and she was not aware that once she entered a guilty plea, she would not be able to withdraw her plea.  (*Id.* at 4, 11.)

In its opposition brief, the government thoroughly explains why none of the claims asserted by defendant in the pending motion are sufficient to support the court granting the requested relief under § 2255.  (Doc. No. 102.)  In short, defendant waived her constitutional and

1   statutory rights to directly appeal her conviction and to collaterally contest her conviction by way

2   of a § 2255 motion; defendant's coerced plea claims are procedurally defaulted; and the claims

3   asserted in the pending motion are contradicted by the record in this case, including defendant's

4   own statements made under oath during her plea colloquy.  (*Id.* at 3–8.)

5        Having considered the parties' respective arguments, the court concludes that defendant

6   has not shown that she is entitled to any relief under § 2255.  The court will, therefore, deny

7   defendant's § 2255 motion, based on all of the reasons articulated by the government in its

8   thorough and well-supported response to that motion.

9        In addition, in light of the record of the proceedings both in this court and in the Ninth

10  Circuit on defendant's direct appeal, it is clear that defendant has no legitimate basis to seek relief

11  under § 2255.  Accordingly, the court also finds defendant's § 2255 motion to be frivolous and

12  thus a hearing on defendant's motion is not warranted.

13       Having concluded that defendant is not entitled to relief, the court also declines to issue a

14  certificate of appealability.  In this regard, a movant cannot appeal from the denial or dismissal of

15  her § 2255 motion unless she has first obtained a certificate of appealability.  *See* 28 U.S.C.

16  § 2253(c); Fed. R. App. P. 22(b).  To obtain a certificate of appealability under 28 U.S.C.

17  § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . .

18  includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that)

19  the [motion] should have been resolved in a different manner or that the issues presented were

20  'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–

21  84 (2000) (citations omitted).  In this case, reasonable jurists cannot debate that defendant

22  Expose's § 2255 motion should be denied.  Therefore, this court will decline to issue a certificate

23  of appealability.

## CONCLUSION

24

25       For the reasons explained above:

26       1.    Defendant Expose's motion to vacate, set aside, or correct her sentence pursuant to

27             28 U.S.C. § 2255 (Doc. No. 92) is denied;

28  /////

2.      The court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c); and

3.      This case remains closed.

IT IS SO ORDERED.

Dated:   **April 24, 2024**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5